Sulzer's Estate

*Isaac S. Grossman,* for life tenant and remaindermen, exceptants.

*G. Von Phul Jones,* for accountants, exceptants.

SINKLER, J., December 28, 1934.—The exceptions filed by the accountants are dismissed for failure to prosecute.

Those filed by the life tenant and remaindermen are based upon the refusal of the auditing judge to surcharge the accountants for failure to collect rental from the occupant of premises owned by the trust estate. It is argued that the authority given by item V of the will to apply income of the trust estate "to the improvement of the said business . . . the purchase of new and additional machinery, materials, real estate, for repairs, etc., and to meet accruing liability therefor" did not empower the trustees to use the entire income of the estate for the benefit of the business, but only so much of the income as would be needed for the designated purposes. "Improvement of the business" is a somewhat unusual phrase and is suceptible of broad construction. So construing the words, the auditing judge held that the trustees were authorized to expend all the income in the conduct of the business and that it would therefore be futile to compel the occupant to pay rental which would be returned to it immediately.

The exceptant relies upon an agreement entered into by the widow of testator, his children, and others, a copy whereof is annexed to his brief. The ninth paragraph provides that the premises in question shall be leased from testator's estate at a rental of $5,000 a year. The record in this proceeding does not contain the agreement. It was not in evidence before the auditing judge, nor was there any other evidence before him which would have enabled him to find the existence of a covenant to pay rental in any amount.

In the exceptants' brief, it is also argued that accountants should be surcharged for failure to pay taxes upon the premises and neglect to keep the building in repair. There was no evidence before the auditing judge upon this subject.

The absence of any evidence upon these two points constitutes additional grounds for sustaining the findings of the auditing judge.

All exceptions are dismissed, and the adjudication is confirmed absolutely.